STATE OF NORTH CAROLINA v. CARSON LOCKLEAR, JR.

No. 6916SC507

(Filed 25 February 1970)

1. **Criminal Law §§ 42, 50, 71; Property § 4— malicious destruction of property — cutting automobile tires — testimony that marks on knife smelled like rubber**

   In this prosecution for wanton and wilful injury to personal property by cutting automobile tires with a knife, the trial court did not err in the admission of testimony that the blade of a knife, identified as a knife borrowed by defendant and found behind the seat of the car where defendant was riding, had small dark streaks running up and down the blade which smelled like rubber.

2. **Criminal Law §§ 89, 169— refusal to strike uncorroborative testimony**

   Although testimony by a deputy sheriff offered to show prior consistent statements by two State's witnesses with respect to what defendant had told them did not in fact corroborate the testimony of one of the witnesses, the trial court did not commit prejudicial error in refusing to strike the testimony of the deputy sheriff, where the motion to strike was addressed to the entire testimony concerning statements by both witnesses, the court gave proper instructions limiting the jury's consideration of the

testimony to corroborative purposes, and the uncorroborative statement ascribed to one witness was merely cumulative of the testimony of the other witness.

APPEAL by defendant from *Hall, J.,* 7 April 1969 Session, ROBESON Superior Court.

Defendant was charged in a warrant (case number 68-CR-10, 460) with wanton and willful injury to personal property of a value of $100.00; and in a warrant (case number 68-CR-10, 461) with wanton and willful injury to personal property of a value of $200.00. Each of the warrants charged a violation of G.S. 14-160. From conviction upon each warrant in District Court, defendant appealed to Superior Court, where he received a trial *de novo* before a jury upon the two charges which were consolidated for trial.

The State's evidence tends to show that on the night of 11 September 1968 defendant and several other young men went to the Pembroke Fair. They arrived there at about the time the fair was closing for the night. Two automobiles belonging to the Robeson County Sheriff's Department and an automobile belonging to one Jerry L. Soles were parked in a line near the exhibit building.

Defendant borrowed a knife from one of the members of the group of young men, and in a few moments there was a sound of air escaping under pressure. The group left the fairground, returning to the Town of Pembroke, and, according to the testimony of Eric Lyngale, defendant told them ". . . not to say anything about what he told us, said he had cut eight tires, didn't say police cars, or what car. He just told us not to repeat anything, not to say anything, if anything happened."

Two tires on each of the Sheriff's Department's automobiles had been cut and two tires on the automobile belonging to Jerry L. Soles had been cut. The knife which defendant had borrowed was found behind the seat of the automobile where defendant was riding. It had black streaks on the blade which smelled like rubber. The damaged tires on the Sheriff's Department automobiles were valued at $100.00; and the damaged tires on the automobile of Jerry L. Soles were valued at $145.12.

Upon jury verdicts of guilty, the trial judge consolidated the two cases for judgment, and entered judgment that defendant be imprisoned for a term of twelve months in the county jail, to be assigned to work under the supervision of the State Department of Correction. Defendant appealed.

STATE *v.* LOCKLEAR

*Robert Morgan, Attorney General, by Russell G. Walker, Jr., Staff Attorney, for the State.*

*J. H. Barrington, Jr., for defendant.*

BROCK, J.

[1]    Defendant assigns as error that a State's witness was allowed to testify over objection that the blade of the knife, identified as the knife borrowed by defendant and found behind the seat of the car where defendant was riding, had small dark streaks running up and down the blade and the dark streaks smelled like rubber. This assignment of error is overruled.

[2]    Defendant assigns as error that a deputy sheriff was allowed to testify as to statements made to him by State's witnesses Jacobs and Lyngale when the officer's testimony was not in fact corroborative.

The witnesses Jacobs and Lyngale, who were with defendant on the night of the alleged offenses, testified for the State and were extensively cross-examined by counsel for defendant. Later the State offered the deputy sheriff's testimony to show prior consistent statements by Jacobs and Lyngale with respect to what defendant had told them.

The witness Lyngale testified that defendant had told them that ". . . he had cut eight tires, didn't say police cars, or what car. He just told us not to repeat anything, not to say anything, if anything happened." The deputy sheriff testified that the witness Lyngale had told him on the day after the offense ". . . that Carson Locklear told them he cut the tires and they better not say anything about it."

The witness Jacobs testified: "Carson Locklear, Jr., said that some tires had been cut at the fairgrounds." The deputy sheriff testified that the witness Jacobs had told him, on the day after the offense, that ". . . Carson told that night, about getting the knife, and said he cut the tires; told them they had better not say anything about it."

Obviously there is a variation between the testimony of the witness Jacobs and the statement ascribed to him by the deputy sheriff. However, the testimony of the witness Lyngale was clearly corroborated by the statement ascribed to him by the deputy sheriff. In each instance before the deputy sheriff was allowed to testify the trial judge gave proper instructions to the jury limiting their consideration of the testimony to corroborative purposes. There was no motion to

strike the testimony of the deputy as to the statement made by Jacobs until after the testimony of the statement made by Lyngale. Then the motion to strike was addressed to the entire testimony concerning both statements. Such a motion was properly overruled by the trial judge because the testimony relating to the statement by Lyngale was clearly corroborative.

We must assume that the jurors were intelligent; that they understood and abided by the trial judge's clear instructions, and that they could tell that a variation existed between the testimony of the witness Jacobs and the statement ascribed to him by the deputy. Also the statement ascribed to Jacobs by the deputy was merely cumulative of the testimony of Lyngale and does not appear to create such prejudice as to warrant a new trial. As stated by Parker, C.J., in *State v. Temple*, 269 N.C. 57, 152 S.E. 2d 206, "It is thoroughly established in our decisions that the admission of evidence which is not prejudicial to a defendant does not entitle him to a new trial. To warrant a new trial it should be made to appear by defendant that the admission of the evidence complained of was material and prejudicial to defendant's rights and that a different result would have likely ensued if the evidence had been excluded."

G.S. 14-160, under which defendant was convicted, was amended effective 1 October 1969; but, since defendant's trial, conviction and sentence occurred prior thereto, he is not affected by the amendment.

No error.

BRITT and GRAHAM, JJ., concur.